ROBERTS v. BROOKS.

(Circuit Court, E. D. New York.   January 30, 1896.)

1. GRANT BY STATE—EXCLUSIVE PRIVILEGE—NEW JERSEY CONSTITUTION.
    The provision in article 4, § 7, par. 11 of the constitution of New Jersey, adopted in 1875, forbidding the grant to any corporation or individual of any exclusive privilege, immunity, or franchise, does not affect the validity of an act of the legislature, passed in 1861, authorizing a riparian proprietor to erect, hold, and enjoy a wharf in front of his land, and upon land belonging to the state, under tide water.

2. SAME—CONSIDERATION.
    Consideration is not necessary to a grant by a sovereign state.

3. SAME—DESCRIPTION.
    A grant to a riparian proprietor of the right to erect a wharf in front of his land is not objectionable for want of exact location, since that would be supplied by the wharf when built.

4. SAME—ESTATE CONVEYED—WHARF.
    A grant to A. and B., their heirs and assigns, of the right to erect, maintain, and enjoy a wharf on land under water, belonging to the state, conveys a fee in the land under the wharf.

5. DEED—MARRIED WOMAN.
    A deed of land belonging to a married woman, which is executed by herself and her husband, and begins as a deed of both, but afterwards uses the singular number in referring to the grantor, and contains the husband's covenants only, is sufficient to convey the wife's title.

6. EQUITY PRACTICE—PREMATURE DECREE.
    In suit for foreclosure of a mortgage, the mortgagor was notified to appear on a day named and make answer. The bill was taken pro confesso on the day before. The mortgagor never appeared, and there was a final decree of foreclosure and sale. Held, that the mortgagor was concluded.

7. SAME—IRREGULARITIES—DECREE OF STATE COURT.
    A suit was brought in a state court to quiet title under a former foreclosure suit. An administrator ad prosequendum of the estate of the deceased mortgagor was appointed, and service was made upon him. A decree was made that nothing was due on the mortgage, and it was ordered that it be canceled of record. The subpœna bore date of the return day. An appearance was entered for the administrator by the orator's solicitors, and afterwards a decree pro confesso was taken, and an order for proofs made. Held, that none of these things constituted objections which could be urged against the decree of the state court.

E. N. & T. M. Taft, for plaintiff.
Daniel Seymour and Philip Wood, for defendant.

WHEELER, District Judge.   This suit is brought for the specific performance of a contract for the sale and conveyance of a tract composed of three parcels of land, and a dock on land under tide water, at Toms River, in New Jersey.   The contract is in writing, signed by the parties, and is unquestioned.   It provided for a conveyance in fee simple, and payment and security, at a time and place named. Conveyance was duly tendered, but refused, on objections to the plaintiff's title.   These objections, only, require consideration.

The title to the dock is founded upon an act of the legislature of New Jersey passed February 28, 1861, by which John B. Horton and Charles L. Davis were "authorized and empowered to erect and maintain a dock in front of their lands on Tom's river," "to collect wharf-

age for the use of said dock or wharf," and, "to hold and enjoy the same to themselves, their heirs and assigns." No question is, or well could be, made but that the state of New Jersey was full proprietor of these inland shores under tide water; but this act is said to be invalid, as repugnant to article 4, § 7, par. 11 of the constitution of the state, forbidding the grant "to any corporation, association, or individual any exclusive privilege, immunity or franchise whatever." This would seem to apply to incorporeal things, and not to curtail the right of the legislature to dispose of the state's tangible property; but, if it did, it appears not to have been adopted till 1875,—long after this grant. The lack of consideration is suggested, but none seems necessary for a grant by a sovereign state. The public good, as considered by the legislature, would be sufficient. Lack of exact location is also suggested, but that would be supplied by the wharf, when built. The act is further said to create a mere license, and not a fee. The grant of the right to erect, maintain, and enjoy a wharf on the land would be a grant of the land under the wharf as extensive in time as the right. As these grantees were to hold and enjoy the estate to themselves, their heirs and assigns, it was inheritable and assignable. Littleton wrote, "For if a man would purchase lands or tenements in fee simple, it behooveth him to have these words in his purchase, 'To have and to hold, to him and to his heirs.'" Co. Litt. 1a; 7 Bl. Comm. 107; 4 Kent, Comm. 4. The decisions in New Jersey seem to regard the ownership of a wharf under authority of the legislature as permanent. O'Neill v. Annett, 27 N. J. Law, 290. These grantees had in the grant the words of inheritance necessary for a fee, and well appear to have acquired an estate in fee simple.

A small piece of the land has been formed by a gradual accretion to the other land next to the wharf, outside of the express terms of the deeds and grants, and is said not to belong to the plaintiff. But that such an accretion goes with the land to which it has accrued, seems unquestionable.

A parcel of the land was once owned by Mary J. Falkinburgh, wife of John Falkinburgh, of which both executed a deed, under which the plaintiff claims, beginning as the deed of both, but continuing, in consideration, etc., "the party of the first part hath given," etc., and containing his covenants only. A passage from 3 Washb. Real Prop. 227, which says, "Where the husband made a deed of land in right of his wife, which belonged to her, which was signed by her, and both acknowledged it, it was held not to convey her right," is cited to show this deed inoperative. This implies, and Bank v. Rice, 4 How. 225, referred to, shows, that the wife appeared in the deed only as signing and acknowledging. But here the wife appears herself in the beginning, with the husband, as a grantor. The change to the singular number below merely makes bad grammar, and the covenants are not essential to the conveyance of present title. This deed seems ample.

John B. Horton once owned a part of the lands, which he mortgaged to one McKean, then sold, and took a mortgage to himself. The McKean mortgage was foreclosed, with notice to him to appear on a day named and make answer. The bill was then taken pro

confesso on the day before. He did not appear, and there was a final decree of foreclosure and sale. This anachronism is pointed out as a fatal defect in the foreclosure proceedings, as against him and his mortgage. The entry of the interlocutory decree would not, however, prevent appearance and opposition to final decree, and he would seem to be as much concluded by the further proceedings after his failure to appear as if all had been subsequent to the return day. It was an irregularity which, if not objected to there, would be waived elsewhere.

A suit in equity was afterwards brought, under the laws of New Jersey, to quiet this foreclosure, in which an administrator ad prosequendum of the estate of Horton, then deceased, was appointed, and service was made upon him. A decree was made by the court of chancery (McGill, chancellor) that nothing was due on the mortgage, and that it be canceled of record, which was done. The subpœna bore the date of the return day. An appearance was entered for the administrator by the orator's solicitors, and afterwards a decree pro confesso was taken, and upon it an order for proofs made. These things are set up against the validity of this decree. The subpœna was seasonably served, and its impossible date would be known to be a mistake, and have no effect upon the notice to appear; and the entry of appearance was by one of the court's own officers, and such as the court permitted.

This land, the interest of Horton in it, administration upon his estate in New Jersey, which would include this interest, and all things pertaining to this title, were subject to the laws of New Jersey, and to the proceedings of the courts of that state under those laws. These suits, both of foreclosure and for quieting title, were had under these laws, and before these courts, to whose proceedings full faith and credit are to be given. Rev. St. U. S. § 721. This last proceeding seems to have ended all question about Horton's mortgage, if any was left before.

A right of way, as an incumbrance, has been alluded to, but the evidence shows it to be outside of these premises.

Upon consideration of all these objections, none appears to be well founded. The conveyance tendered was of an estate in fee, such as the contract called for. Decree for plaintiff.